**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOUGHTERY, CLIFFORD & WADSWORTH CORP., | |
| Plaintiff, | Hon. Harold A. Ackerman |
| v. | Civil Action No. 07-1068 (HAA) |
| THE MAGNA GROUP INC., et. al., | **OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| Defendants. | |

Marc D. Garfinkle, Esq.
2070 Millburn Ave.
Maplewood, NJ 07040
*Attorney for Plaintiff*

Andrew John Calcagno, Esq.
CALCAGNO & ASSOCIATES, LLP
213 South Avenue East
Cranford, NJ 07016
*Attorneys for Defendant: The Magna Group, Inc.*

Marc E. Leibman, Esq.
KAUFMAN, BERN & DEUTSCH, LLP
Fort Lee Executive Park
One Executive Drive
Fort Lee, NJ 07024
*Attorneys for Defendants: Infiniti of Greenwich, LLC; Giuffre Hyundai LTD.; Giuffre Auto Group, LLC; Stevens Chrysler Dodge, Inc.; and Stevens Ford, Inc.*

**ACKERMAN, Senior District Judge:**

This matter comes before the Court on a motion (Docket No. 3) by Plaintiff Doughtery, Clifford & Wadsworth Corp. ("Doughtery" or "Plaintiff") to remand the proceedings to the

1

Supreme Court of the State of New York, Suffolk County, pursuant to 28 U.S.C. § 1447(c). Defendant The Magna Group, Inc. ("Magna") removed the action to this Court. The Court referred this motion to Magistrate Judge Esther Salas, who entered a Report and Recommendation ("R&R") (Docket No. 17) on June 19, 2007. Magistrate Judge Salas recommended that Plaintiff's motion to remand be granted and that attorneys' fees be awarded to Plaintiff. Neither party has filed an objection to the R&R.

A court must make a *de novo* determination of those portions of the R&R to which objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). While this Court need not review a Magistrate Judge's report before adopting it when no objections have been filed, *Thomas v. Arn*, 474 U.S. 140, 149 (1985), the Third Circuit has held that "the better practice is to afford some level of review to dispositive legal issues raised by the report," *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[I]t must be assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." *Id.* at 878.

After a careful review of the record, this Court agrees with Magistrate Judge Salas's R&R and adopts her analysis and conclusions. As noted in the R&R, remand is appropriate because Magna removed this matter without obtaining the consent of all Defendants. Furthermore, Magna removed to the wrong Court. Remand is required in this matter for an additional, fundamental reason: the parties are not completely diverse and thus this Court lacks subject matter jurisdiction. Although this particular issue was not raised by the parties, this Court has the

2

ability and obligation to address concerns of subject matter jurisdiction *sua sponte*. *Gosa v. Mayden*, 413 U.S. 665, 707 (1973) ("One of the most basic principles of our jurisprudence is that subject-matter jurisdiction cannot be conferred upon a court by consent of the parties.").

When an action is removed from a state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Subject matter jurisdiction in the instant action is premised solely on diversity jurisdiction. 28 U.S.C. § 1332(a)(1). For the purpose of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c); *Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003). Furthermore, "[j]urisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of the parties; that is, no plaintiff can be a citizen of the same state as any of the defendants." *Id.* (citing *Carden v. Arkmona Assocs.*, 494 U.S. 185, 187 (1992) ("Since its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship." (citation omitted))). Thus, at the time the complaint is filed, where a plaintiff and defendant are citizens of the same state, there exists no complete diversity and therefore no basis for diversity jurisdiction under § 1332(a)(1). *Grand Union Supermarkets of the V.I.*, 316 F.3d at 410.

In its Complaint filed in the Supreme Court of New York, County of Suffolk, Plaintiff asserts that it is "a Delaware Corporation." (Pl.'s Compl. ¶ 1; Docket No. 1, Ex. A.) No party has disputed this assertion. Likewise, in its notice of removal filed pursuant to 28 U.S.C. § 1446(a), Magna acknowledges Plaintiff's Delaware incorporation status, and further asserts that its co-defendant, Infiniti of Greenwich, LLC ("Infiniti"), "was and remains a corporation of the

3

State of Delaware." (Docket No. 1, ¶¶ 11, 13.) No party, including Infiniti, has disputed this assertion.[1]

Thus, by the very terms of Magna's own notice of removal, both Plaintiff and Defendant Infiniti are citizens of Delaware, and therefore complete diversity is lacking. 28 U.S.C. § 1332(a). Because there exists no diversity of citizenship, and as discussed in Magistrate Judge Salas's R&R, Magna removed the matter without obtaining the consent of all Defendants, this court lacks subject matter jurisdiction and remand is appropriate. 28 U.S.C. § 1447(c).

Finally, this Court will address the issue of attorneys' fees and costs. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447. "[A]n award of fees under § 1447(c) is left to the district court's discretion, with no heavy congressional thumb on either side of the scales." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). The Supreme Court established the standard for awarding fees under § 1447(c) in *Martin*:

> Congress thought fee shifting appropriate in some cases. The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. . . . In light of these large objectives, the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.

---

[1] Infiniti has submitted no pleadings in this case, as the deadline for Infiniti's Answer has been stayed pending the Court's decision on the instant motion. Therefore, Infiniti itself has neither verified nor denied that it is a Delaware corporation. However, Infiniti did file an informal letter with this Court requesting that "the matter be removed to the U.S. Federal Court for the Eastern District of New York in Brooklyn." (Docket No. 7, Ex. D.)

4

546 U.S. at 140-41 (internal citations and quotation marks omitted). This rationale is particularly strong in the instant motion, where Magna's own notice of removal premised this Court's jurisdiction solely on diversity of citizenship under 28 U.S.C. § 1332(a), and at the same time conceded that both Defendant Infiniti and Plaintiff Dougherty were Delaware corporations. (Docket No. 1, ¶¶ 11, 13).[2] "District courts may properly [award costs] where a removal . . . is predicated upon a diversity of citizenship that clearly does not exist." *Syms, Inc. v. IBI Sec. Serv., Inc.*, 586 F. Supp. 53, 56-57 (S.D.N.Y. 1984); *see also Dunkin Donuts of Am. v. Family Enters., Inc.*, 381 F. Supp. 371, 373 (D. Md. 1974) ("In light of the fact that lack of jurisdiction was obvious from the face of the petition, the Court feels warranted in ordering the payment by the defendant to the plaintiff of the costs of the proceeding before this Court."). Therefore, the instant removal is clearly one where Magna "lacked an objectively reasonable basis for seeking removal," *Martin*, 546 U.S. at 141, and the Court agrees with Magistrate Judge Salas's recommendation that Plaintiff be awarded "payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

---

[2] Further demonstrating Magna's disregard for the requirements of diversity jurisdiction, Magna asserts as a basis for jurisdiction that "[t]he matter in controversy between Plaintiff(s) and Defendants exceeds the sum of $50,000." As counsel should be aware, since 1996, the amount in controversy required to secure federal diversity jurisdiction must exceed $75,000, not $50,000. Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, 110 Stat. 3850 (codified at 28 U.S.C. § 1332(a)).

### *Conclusion & Order*

For the foregoing reasons, it is hereby ORDERED that Plaintiff's motion to remand (Docket No. 3) is GRANTED, and that this case is REMANDED to the Supreme Court of New York, County of Suffolk. It is hereby further ORDERED that attorneys' fees be awarded to Plaintiff, as recommended by Magistrate Judge Salas's R&R, in the amount of $7,973.24.

Newark, New Jersey
Dated: August 6, 2007

/s/ Harold A. Ackerman
U.S.D.J.